UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON LLOYD HOUSTON,<br><br>             Plaintiff,<br><br>      v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>             Defendants. | No.  2:16-cv-0115 CKD P<br><br><br>ORDER |

      Plaintiff is a Sacramento County Jail prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to have all matters in this action before a United States Magistrate Judge.  See 28 U.S.C. § 636(c).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and

1  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
2  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3      The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989); Franklin, 745 F.2d at 1227.

15     In order to avoid dismissal for failure to state a claim a complaint must contain more than
16 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17 of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
18 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
20 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
21 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
23 at 678.  When considering whether a complaint states a claim upon which relief can be granted,
24 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
25 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
26 U.S. 232, 236 (1974).

27     The court has screened plaintiff's February 3, 2015 second amended complaint, the
28 operative complaint in this action, and finds that plaintiff fails to state a claim upon which relief

can be granted. Plaintiff asserts he slipped and fell on a wet bathroom floor, but fails to indicate how this amounts to a violation of his federal rights. Plaintiff's second amended complaint must be dismissed. Good cause appearing, plaintiff will be given one opportunity to amend his complaint to identify an actionable claim.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff has Constitutional rights with respect to conditions of confinement arising under the Eighth Amendment. A violation of the Eighth Amendment occurs if plaintiff is injured as a result of a defendant's deliberate indifference to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff's second amended complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; failure to file a third

/////

3

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 25, 2016

/s/ Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hous0115.14